# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**PAULA V. WHITING**,

Plaintiff,

v.

**SUNTRUST MORTGAGE, INC.**,

Defendant.

Case No. 19-cv-2327 (TNM)

## MEMORANDUM OPINION

Over six years ago, SunTrust Mortgage, Inc. ("SunTrust") successfully foreclosed

on Paula V. Whiting's home in the Circuit Court for Prince George's County, Maryland.

On July 12, 2019, Whiting, who is proceeding *pro se*, sued SunTrust in the Superior Court

for the District of Columbia to rescind the foreclosure and obtain money damages.

SunTrust removed the case to federal court based on diversity jurisdiction and has moved

to dismiss for lack of subject matter jurisdiction. *See* Notice of Removal, ECF No. 1; Mot.

to Dismiss, ECF No. 5. Whiting has filed an opposition. *See* Opp'n, ECF No. 8. For the

reasons explained below, the Court will grant SunTrust's motion and dismiss the case.

## I.

In a cryptically worded complaint, Whiting challenges the foreclosure of her former

home located at 5827 Barnes Drive in Clinton, Maryland. *See* Compl. 1,[1] ECF No. 1-2. Whiting

seems to ground her foreclosure challenge in the allegation that the Independent Foreclosure

Review "said that SunTrust Mortgage cause[d] Robo-signing and Fraud" in the sale of her house.

*Id.* To support this allegation, Whiting attached a letter dated August 8, 2016 that she received

---

[1] All page number citations refer to the pagination generated by the Court's CM/ECF system.

from a paying agent retained by the Federal Reserve to administer payments to borrowers who qualified for relief under the Federal Reserve's Independent Foreclosure Review Payment Agreement. *See id.*[2] The letter states that Whiting qualified for payment under the Federal Reserve's plan to redistribute remaining unclaimed Payment Agreement funds. *See* Compl. 4. Along with the letter, Whiting also received a check for $124.30. *Id.* Whiting seeks "to have the foreclosure rescinded" and the following monetary damages: $404,000 for "equity in the house"; $1 million for "stolen property"; and $100 million "because I'm mad."

## II.

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). To survive a Rule 12(b)(1) motion, a plaintiff must establish the factual predicates of jurisdiction by a preponderance of the evidence. *See Erby v. United States*, 424 F. Supp. 2d 180 (D.D.C. 2006) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "When ruling on a Rule 12(b)(1) motion, the court must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (internal quotations omitted). In this context, courts may also "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (internal quotations omitted). If the Court finds that it lacks jurisdiction, it must dismiss the claim or action. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

---

[2] *See also* Federal Reserve, *Independent Foreclosure Review Final Report* (Aug. 2019), https://www.federalreserve.gov/publications/files/independent-foreclosure-review-2019.pdf.

## III.

The *Rooker-Feldman* abstention doctrine "prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Only the Supreme Court has jurisdiction to review final state-court judgments. *See* 28 U.S.C. § 1257; *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

This case "falls squarely within the confines of the *Rooker-Feldman* doctrine." *See Barnes-Duncan v. Liebner & Potkin, LLC*, No. CV 17-02818 (ABJ), 2018 WL 6200975, at *3 (D.D.C. Nov. 28, 2018). First, Whiting was "a party to the underlying state-court proceeding." *Lance*, 546 U.S. at 464. Second, Whiting's claim against foreclosure is "inextricably intertwined with the state-court judgment." *Id*. at 462. SunTrust has shown that it pursued foreclosure proceedings in the Circuit Court for Prince George's County, Maryland, and obtained a final judgment on February 5, 2013. *See* Mot. to Dismiss, Ex. A (case docket for *Geesing v. Whiting*, No. CAE12-25259 (Cir. Ct. Prince George's Cnty. Feb. 5, 2013), ECF No. 5-2. Finally, this lawsuit was filed after judgment was entered in the state-court action. *See Exxon Mobil*, 544 U.S. at 284. The Maryland court entered an Order of Judgment for Possession on June 17, 2013, which Whiting did not appeal. Mot. to Dismiss, Ex. A at 2–3. In other words, this is a case "brought by [a] state-court loser[] complaining of injuries caused by [a] state-court judgment[] rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil*, 544 U.S. at 281.

Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to hear this case. *See Gray*, 275 F.3d at 1119 (citations omitted). Even if Whiting's claim is based on information

discovered after the Maryland court's judgment, this Court still lacks jurisdiction to consider, much less vacate, a state court's judgment under Federal Rule of Civil Procedure 60(b). *See Salazar v. District of Columbia*, 633 F.3d 1110 (D.C. Cir. 2011) ("Rule 60(b)(6) relief is not a substitute for appeal . . . ." (internal quotations omitted)); *cf. United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (a district court "generally lacks appellate jurisdiction over other judicial bodies, and [it] cannot exercise appellate mandamus over other courts"). Therefore, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

**IV.**

For the reasons stated above, SunTrust's motion to dismiss will be granted. A separate order accompanies this Memorandum Opinion.

Dated: December 2, 2019

_____

TREVOR N. McFADDEN, U.S.D.J.